IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRAZZA COMMUNITY ASSOCIATION | * | |
| Plaintiff, | * | Civil Action No. _____ |
| v. | | |
| | * | Removed from the Court of Common Pleas of Delaware County |
| BOZZUTO CONSTRUCTION COMPANY; | * | Case No. CV-2022-008878 |
| BOZZUTO & ASSOCIATES, INC., t/a | | |
| THE BOZZUTO GROUP | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bozzuto Construction Company and Bozzuto & Associates, Inc. (together, "Bozzuto"), hereby remove to this Court the action captioned Terrazza Community Association v. Bozzuto Construction Company, et al., Case No. 2022-008878 (the "State Court Action") from the Court of Common Pleas of Delaware County.  This Court has jurisdiction because the parties are completely diverse and because the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a).  In support of this Notice of Removal, and reserving all rights, objections, defenses, and exceptions, Bozzuto states as follows:

**Background**

1.    Plaintiff Terrazza Community Association ("TCA") filed a writ of summons against Bozzuto in the Court of Common Pleas of Delaware County on November 23, 2022.  A copy of the Writ of Summons is attached hereto as **Exhibit A**.  See 28 U.S.C. § 1446(a).

2.    On December 15, 2022, Bozzuto filed a Praecipe for Rule to File Complaint pursuant to Pa.R.C.P. 1037(a).  The Prothonotary entered the Rule to File a Complaint that same

1

41057225.1

day. A copy of the Rule to File a Complaint is attached hereto as **Exhibit B**. See 28 U.S.C. § 1446(a).

3.      Following an agreed upon extension of time to file, TCA filed a complaint against Bozzuto on January 18, 2023 (the "Complaint"), which Complaint constitutes an "initial pleading setting forth the claim for relief" under 28 U.S.C. § 1446(b). A copy of the Complaint is attached hereto as **Exhibit C**. See 28 U.S.C. § 1446(a).

4.      Bozzuto has not filed an answer or responsive pleading in the State Court Action, as its deadline to respond has not expired.

5.      The Complaint alleges three counts: (1) piercing the corporate veil; (2) alter ego liability; and (3) enterprise liability. TCA obtained a judgment against a Bozzuto affiliate, BCC Newtown Square, LLC, arising out of an arbitration award based on breach of a settlement agreement to which TCA and BCC Newtown Square, LLC (but not Bozzuto Construction Company or Bozzuto & Associates, Inc.) were parties. TCA alleges in the Complaint that it is entitled to pierce the corporate veil of BCC Newtown Square, LLC to reach the assets of Bozzuto Construction Company and Bozzuto & Associates, Inc.[1]

---

[1]  Incidentally, while not relevant to removal, BCC Newtown Square, LLC, a limited liability company organized under Maryland law whose sole member is Bozzuto Construction Company, a Maryland corporation, is also completely diverse from TCA. Because TCA seeks to pierce the corporate veil of BCC Newtown Square, Maryland law will govern the dispute. See McElroy v. FirstEnergy Corp., 824 Fed. Appx. 97, 99 (3d Cir. 2020) (holding that, pursuant to Pennsylvania choice of law principles, because the subsidiary entities whose corporate veils the plaintiff sought to pierce were Ohio entities, the Court must apply Ohio law); In re Higgins, No. 16-13543-MDC, 2019 WL 3959981, at *4 (E.D. Pa. Aug. 20, 2019); see also Broderick v. Stephano, 171 A. 582, 583 (Pa. 1934) (holding that a Pennsylvania court must look to the laws of the state of formation when determining the existence and extent of shareholder liability); Commonwealth v. Golden Gate Nat'l Senior Care LLC, 158 A.3d 203, 236 (Pa. Commw. Ct. 2017) (finding that, under the Pennsylvania choice of law rule announced in Broderick, Delaware law applied to piercing claim because subsidiary was formed in Delaware), reversed in part on other grounds, Commonwealth v. Golden Gate Nat'l Senior Care LLC, 194 A.3d 1010 (Pa. 2018).

**Federal Jurisdiction**

6.      Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts [of the United States] shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

7.      The requirements for diversity jurisdiction are met here.

8.      TCA's Complaint requests judgment in the amount of $2,516,454.02, and therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.  See Exhibit A at 13, 14, 15.

9.      The parties are diverse.  TCA is an incorporated entity in the Commonwealth of Pennsylvania, while both Bozzuto Construction Company and Bozzuto & Associates, Inc. are Maryland corporations.  A corporation is considered a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  See 28 U.S.C. § 1332(c)(1); see also Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d. Cir. 2015).

10.     Plaintiff TCA is a nonprofit corporation incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business in the Commonwealth of Pennsylvania.   Thus, Plaintiff is a Pennsylvania citizen for purposes of diversity jurisdiction.

11.     Defendant Bozzuto Construction Company is a corporation incorporated under the laws of the State of Maryland and has its principal place of business in the State of Maryland.  Thus, Defendant Bozzuto Construction Company is a Maryland citizen for purposes of diversity jurisdiction.

12.     Defendant Bozzuto & Associates, Inc. is a corporation incorporated under the laws of the State of Maryland and has its principal place of business in the State of Maryland.

3

41057225.1

Thus, Defendant Bozzuto & Associates, Inc. is a Maryland citizen for purposes of diversity jurisdiction.

13.    Because Plaintiff and Defendants are citizens of different states, complete diversity exists under 28 U.S.C. § 1332(a).

## Venue

14.    Without waiving any defense as to venue, forum non conveniens, or the like, pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court for purposes of removal because this is the district embracing the place where the State Court Action is pending.

## Timeliness

15.    Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

16.    It is well-settled that the 30-day time period for removal under 28 U.S.C. § 1446(b) is triggered by the filing of the complaint, not the writ of summons. See Sirkirica v. Nationwide Ins. Co., 416 F.3d 214, 222-23 (3d Cir. 2005) (affirming lower court's denial of motion to remand because writ of summons is not an "'initial pleading' that triggers the 30-day period for removal" under 28 U.S.C. § 1446(b)); Gervel v. L&J Talent, 805 F. Supp. 308, 308-10 (E.D. Pa. 1992) ("[A] Writ of Summons of the quality and character as currently employed under Pennsylvania procedures, even if the Writ of Summons and state court docket sheet indicate that diversity jurisdiction may ultimately exist, is not an 'initial pleading setting forth a claim for relief' subject to removal."); see also Blair v. Everett, No. 3:22-CV-1577, 2022 WL 7570995, at

4

*1 (M.D. Pa. Oct. 13, 2022). Bozzuto was served with the Complaint via e-mail on January 18, 2023. This Notice of Removal is being filed within thirty (30) days of that date.

### Notice

17.   As required by 28 U.S.C. § 1446(d), the undersigned certifies that, promptly after this Notice of Removal is filed, written notice thereof shall be given to Plaintiff, and a copy of this Notice of Removal shall be filed with the clerk of the state court in which the State Court Action is pending.

18.   The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after a reasonable inquiry, it is well grounded in fact, is warranted by existing law or an extension or modification of existing law, and is not interposed for any improper purposes.

19.   Defendant does not intend, by filing this Notice of Removal, to waive its rights to raise defenses based on lack of personal jurisdiction, improper service of process, improper venue, failure to state a claim upon which relief can be granted, or any other defense it might have and expressly reserves all rights to raise any and all defenses, including affirmative defenses, it may have through motion or otherwise.

**WHEREFORE**, removal of this action from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

41057225.1

Dated:  January 23, 2023

Respectfully submitted,

Caitlin P. Strauss (Pa. Bar # 202769)
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7153
Caitlin.strauss@saul.com

Paul S. Caiola (D. Md. Fed. Bar # 23940)
Sarah Simmons (D. Md. Fed. Bar #24279)
Gallagher Evelius & Jones LLP
218 North Charles Street, Suite 400
Baltimore, Maryland  21201
Telephone (410) 727-7702
Fax (410) 468-2786
pcaiola@gejlaw.com
ssimmons@gejlaw.com

*Pro hac vice motion to be filed*

*Counsel for Defendants Bozzuto Construction Company and Bozzuto & Associates, Inc.*

6

41057225.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRAZZA COMMUNITY ASSOCIATION | * | |
| Plaintiff, | * | Civil Action No. _____ |
| v. | | |
| | * | Removed from the Court of Common Pleas of Delaware County |
| BOZZUTO CONSTRUCTION COMPANY; | * | Case No. 2022-008878 |
| BOZZUTO & ASSOCIATES, INC. t/a | | |
| THE BOZZUTO GROUP | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 23rd day of January, 2023, a copy of the foregoing Notice of Removal filed electronically and are available for viewing from the Court's ECF/NextGen system. Notice of this filing will be sent to counsel of record via the Court's ECF/NextGen system.

Dated: January 23, 2023

Caitlin Strauss (Pa. Bar #202769)
Saul Ewing LLP
1500 Market St.
Philadelphia, PA 19102
Telephone (215) 972-7777
Caitlin.strauss@saul.com

Paul S. Caiola (D. Md. Fed. Bar # 23940)
Sarah Simmons (D. Md. Fed. Bar #24279)
Gallagher Evelius & Jones LLP
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone (410) 727-7702
Fax (410) 468-2786

7

41057225.1

8

*Pro hac vice motion to be filed*
*Counsel for Defendants Bozzuto*
*Construction Company and Bozzuto &*
*Associates, Inc.*

41057225.1

8